Thomas H. Mills,
App't.
vs
Overland Lunch

Law No. 66130

### RESCRIPT

March 15, 1927

WALSH, J. Plaintiff's motion for a new trial, after a verdict of jury for defendant, heard.

On November 16, 1925, between 2:30 and 10:30 a. m., a "pretty heavy rainfall" occurred in the centre of the City of Providence. The defendants at that time conducted a lunch room on Mathewson street and had exclusive control of a small areaway covered with concrete in the rear of their establishment. In the northeasterly corner of this areaway was a catch basin whose function it was to carry the water from the areaway to the sewer. The plaintiff conducted a store in the basement of the Arnold Block at the corner of Mathewson and Washington streets. The plaintiff's store could be reached from this areaway by descending below the level of the areaway through divers cellars, a boiler room, a barber shop, a corridor in which there were toilets, a distance of, to-wit, 90 feet. The whole route from the areaway to the door of the plaintiff's store was a gradual descent, all of which was below the level of the areaway. On the morning in question the plaintiff's store was flooded and his stock of teas, coffees, etc., was damaged.

The plaintiff's claim was that the catch basin in the areaway had become covered with paper and rubbish through the negligence of the defendant's agents; that this rubbish clogged up the drain, causing the rain-water to collect to a depth of seven inches in the areaway, that the water flowed down the gradual descent above mentioned into the plaintiff's store and caused his damage.

In his contention the plaintiff was supported by one Varnum, the Superintendent of the building in which plaintiff's store was located, and by Clover L. Landers, Superintendent of Sewers in the City of Providence. The Superintendent of Sewers testified that he was at the place on the morning of the occurrence; that he found the top of the catch basin "sealed up" with papers; that there was about an inch of water around the basin at the time; that he removed the papers and the water drained off; that there were indications of the water having gone down the steps from the areaway into the descent leading to plaintiff's store; that the paper he found over the drain on that morning was sufficient to cause the flooding of plaintiff's store, and that a mark seven inches high on the north wall of the areaway indicated to him the height

of the water in the areaway during the storm.

The defense admitted their responsibility for the condition of the areaway but claimed that the drain was all right that morning; that they knew of no water going down in the direction of plaintiff's store that night; that the areaway was free from water at six o'clock that morning. They set up the suggestion that the water came from outside through the toilets located directly in front of plaintiff's door in the basement.

The burden was upon the plaintiff to prove by a fair preponderance of the evidence that this water which caused the damage was directed against the property of the plaintiff by the negligent act of the defendants or their agents and servants. There was some evidence that the toilets were wet and had the appearance of having been flooded that morning. The credibility of the witnesses, where the evidence is in conflict, is for the jury. Unless the Court is convinced in a clear and unmistakable manner that the verdict is against the evidence and the weight thereof, we thing it is not justified in disturbing a verdict of the jury on a disputed question of fact.

We feel that there is some evidence in the case which warrants the verdict of the jury.

Motion for new trial denied.

For Plaintiff: Wm. M. P. Brown.

For Defendant: Sol Bromson.